IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON G. FREY, on behalf of himself and the class defined herein, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, and ALEGIS GROUP LLC, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Sheldon G. Frey brings this action to secure redress against unlawful collection practices engaged in by defendants LVNV Funding LLC ("LVNV"), Resurgent Capital Services LP ("Resurgent"), and Alegis Group LLC ("Alegis"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.

3. Venue in this District is proper because defendants' collection communications to plaintiff and numerous class members were received in this District.

**PARTIES**

4. Plaintiff Sheldon G. Frey is a resident of the Northern District of Illinois.

5. Defendant LVNV is a limited liability company with its principal place of business at 625 Pilot Road, Las Vegas, Nevada. It does or transacts business in Illinois. Its registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago IL 60604.

1

6. LVNV is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7. LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

8. LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

9. Between September 15, 2011 and April 19, 2012, more than 1,000 lawsuits were filed in the name of LVNV in Illinois courts. Based on a computer search of court records, 1,000 were filed in Cook County alone, and more in other counties.

10. LVNV regularly uses the mails and telephones in its business.

11. LVNV is a "debt collector" as defined in the FDCPA.

12. Defendant Resurgent is a limited partnership, with offices at 15 South Main Street, Greenville, SC 29601. It does or transacts business in Illinois. Its registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago IL 60604.

13. Resurgent operates a collection agency.

14. Resurgent holds one or more collection agency licenses.

15. Resurgent uses the mails and telephones to collect debts originally owed to other entities.

16. Resurgent is a debt collector as defined in the FDCPA.

17. Defendant Alegis is a limited liability company with office at 15 South Main Street, Greenville SC 29601. Its registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago IL 60604. It is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

18. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document

no. 69 in *Randall v. Nelson & Kennard*, 2:09CV387 (D.Ariz., filed Aug. 9, 2010)).

19. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09CV387 (D.Ariz., filed Aug. 9, 2010)).

20. LVNV formerly stated on its website (www.lvnvfunding.com) that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

21. LVNV also stated on its website that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

22. The website has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

23. Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

24. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*,

2:09CV387 (D.Ariz., filed Aug. 9, 2010), Resurgent directed the collection activity complained of herein, even though it was taken in the name of LVNV.

## ACTS RELATING TO PLAINTIFF

25. Defendants have been attempting to collect from plaintiff an alleged credit card debt, claimed to have been incurred for personal, family or household purposes and not for business purposes.

26. On August 8, 2011, a lawsuit was filed in the name of LVNV against plaintiff in the Circuit Court of Cook County, seeking to collect a credit card debt (No. 11 M1 152948 (Cook Co. Cir. Ct.)). The LVNV complaint alleged that the credit card was originally owed to Capital One, that the account was in default between 2005 and 2008, and that LVNV supposedly acquired the debt in 2008.

27. Attached to the complaint was an affidavit (Exhibit 1), executed by "an Authorized Representative for LVNV Funding LLC".

28. The complaint and affidavit were served on plaintiff shortly after filing.

29. In fact, the affidavit was executed by an employee of Resurgent and represented a communication from Resurgent to plaintiff.

30. Nothing in the affidavit or any other document accompanying it disclosed that Resurgent was the source of the affidavit.

31. LVNV nonsuited the lawsuit.

## FACTS – GENERAL

32. It is the policy and practice of defendants to file and serve affidavits in the form represented by Exhibit 1, signed by an employee of Resurgent, without disclosing that the source of the affidavit is Resurgent.

33. Defendants intentionally omit disclosure of the fact that Resurgent is the source of the affidavit, as to reveal this would raise questions as to how an employee of Resurgent can testify to information about a debt allegedly owned by LVNV, and what if

4

anything the affidavit is based on.

34. On information and belief, an affidavit similar to <u>Exhibit 1</u> was filed (and if service was effected, served) in every case filed in the name of LVNV in Illinois.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-34.

36. Defendants violated 15 U.S.C. §§1692e and 1692e(14) by filing and serving affidavits coming from Resurgent, without disclosure of that fact.

37. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization....**

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

39. The class consists of all natural persons with Illinois addresses who had filed in a case brought against them, or had served upon them, an affidavit in the form represented by <u>Exhibit 1</u>, where either the filing or service occurred on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

40. The class members are so numerous that joinder is impracticable. There are over 1,000 class members.

41. There are questions of law and fact common to the class members, which predominate over any questions that affect only individual class members. The predominant common question is whether defendants' practices described above violated the FDCPA.

42. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from continuing their violations of the law. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)