IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON G. FREY, on behalf of himself and the class defined herein, ) ) ) | |
| Plaintiff, ) | No. 12 C 3066 |
| v. ) ) | Judge Robert W. Gettleman |
| LVNV FUNDING LLC, ) RESURGENT CAPITAL SERVICES LP, ) and ALEGIS GROUP LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sheldon Frey ("plaintiff") has filed a one-count amended complaint against defendants LVNV Funding LLC ("LVNV"), Resurgent Capital Services LP ("Resurgent"), and Alegis Group LLC ("Alegis"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"). On June 26, 2012, defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff's complaint alleges the business of each defendant and the relationship of each company to the others. LVNV is described as a corporation that engages in the business of purchasing or acquiring allegedly defaulted debts, Resurgent as a collection agency, and Alegis as a limited liability company and sole general partner of Resurgent. Plaintiff alleges that LVNV and Resurgent are under common ownership and management, and that all actions taken in LVNV's name are in fact taken by Resurgent pursuant to a written agreement and power of attorney signed by LVNV. The complaint further alleges that LVNV and Resurgent are both

debt collectors as defined by the FDCPA. Section 1692a(6) defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

On August 8, 2011, LVNV filed suit against plaintiff in the Circuit Court of Cook County ("Cook County case") pursuant to 735 ILCS 5/2-403, seeking to collect a credit card debt that was alleged to have been owed originally to Capital One. The complaint in the Cook County case, which has since been non-suited, alleged that the account was in default between 2005 and 2008, and LVNV claimed to have acquired the debt in 2008. Attached to the complaint was an Affidavit of Indebtedness and Ownership of Account signed by an individual who stated that he was an authorized representative for LVNV. Both the complaint and affidavit were served on plaintiff shortly after filing.

The affidavit attached to the complaint in the Cook County case forms the basis for the instant case. Plaintiff alleges that the affidavit was signed by an employee of Resurgent and represented a communication from Resurgent to plaintiff. Because the affiant did not disclose an affiliation with Resurgent, plaintiff claims that the affidavit had the purpose and effect of deceiving plaintiff and made the case seem more substantial than it was. Plaintiff also alleges that the affiant had no personal knowledge regarding the account in question. Plaintiff therefore claims that the actions of defendants violate 15 U.S.C. §§1692e and 1692e(14). Section 1692e(14) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (14)   The use of any business, company or organization name other than the true name of the debt collector's business, company, or organization...

Plaintiff claims that Resurgent is required to identify itself in its communications, and by submitting an affidavit under the name of LVNV instead of its own name, Resurgent has violated the FDCPA. Plaintiff also alleges that Alegis is liable in this action because, as the sole general partner of Resurgent, the acts of Resurgent are attributed to it, and that LVNV is alleged to be liable because it permits Resurgent to operate in its name. The complaint also alleges conduct by LVNV that was the subject of lawsuits in other courts and jurisdictions, allegations that are irrelevant to the plaintiff's FDCPA claim in this case and equally irrelevant to the instant motion.

## DISCUSSION

**A.   Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A.

3

Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

  The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). Because it is designed to protect consumers, the FDCPA is generally liberally construed in favor of consumers to effect its purpose, Cirkot v. Diversified Financial Systems, Inc., 839 F.Supp. 941 (D.Conn.1993), and whether a communication or other conduct violates the FDCPA is determined by analyzing it from the prospective of an "unsophisticated consumer." Gammon v. GC Services Limited Partnership, 27 F.3d 1254, 1257 (7th Cir.1994). "The unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." Id. That objective element protects debt collectors from liability for "unrealistic or peculiar interpretations of collection letters." Id.

  The Seventh Circuit has cautioned that it "view[s] the confusing nature of a dunning letter as a question of fact, that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 636 (7th Cir. May 11, 2012) (internal citation omitted); see also McMillan v. Collection Professionals Inc., 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." (internal quotation marks omitted)). Dismissal under Rule 12(b)(6) is appropriate when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." Zemeckis, 2012 WL 1650479, at *2.

**B.** **Motion to Dismiss**

Defendants argue that plaintiff has failed to state a claim for a number of reasons. To begin, defendants contend that the complaint was not a communication to the consumer, but rather to the court, and therefore is not subject to the FDCPA. Courts in this district have held otherwise. Matmanivong v. Unifund CCR Partners, 08 CV 6415, 2009 WL 1181529, at *3 (N.D.Ill. Apr. 28, 2009) (finding that "if the plaintiff alleges more than merely state-court pleading deficiencies and, instead, alleges that a false representation was made in the pleadings, then the violation may properly be considered under the FDCPA."); Jenkins v. Centurion Corp., No. 07 C 3838, 2007 WL 4109235, at *2 (N.D.Ill. Nov.15, 2007). The definition of "communication" under the FDCPA is broad: a communication means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.A. § 1692a. Because the affidavit attached to the complaint falls within this definition, it constitutes a communication with the consumer.

In his complaint, plaintiff alleges that the affidavit attached to the complaint in the Cook County case is a communication from Resurgent, the debt collector, and not LVNV, the creditor, despite the fact that the suit was filed in LVNV's name. Plaintiff does not allege that Resurgent is the true owner of the alleged debt or that LVNV is not the true owner of the alleged debt. In fact, plaintiff's briefs concede that LVNV is the creditor that owns the alleged debt. Resurgent could not have filed the suit to recover the alleged debt in its own name, because Resurgent was not the owner of the alleged debt. See 735 ILCS 5/2-403. The only party with standing to bring the suit, LVNV, did so and did so in a manner consistent with the FDCPA.

Under the FDCPA, a party seeking to collect a debt through the courts must bring the complaint in its true name. See Weinstein v. Fink, 99 C 7222, 2001 WL 185194, at *5 (N.D. Ill. Feb. 26, 2001) ("The FDCPA required only that a debt collector use it's true name, and not a fabricated name, if it chooses to be named in connection with the collection of a debt."). To bring the complaint under any other name would violate 15 U.S.C. §1692e(14). LVNV therefore complied with the FDCPA by using its true name.

The complaint relies on the allegation that the affidavit attached to the complaint in the Cook County case was actually prepared by Resurgent, not LVNV, thus confusing the unsophisticated consumer and "making the case[] appear more substantial than [it is]." First, plaintiff does not explain how the affiant's alleged affiliation with Resurgent makes the case "appear more substantial" than it would otherwise be. The "case" in state court was premised on the alleged debt, and its "substance" seems to have nothing to do with the affiant's employment. Second, and more importantly, because the affidavit was part of a complaint in a lawsuit that was required by Illinois law[1] to be filed in the name of the assignee-creditor, as opposed to a collection or dunning letter by a debt collector, the communication contained in the affidavit was as a matter of law from the creditor, LVNV, and not Resurgent. Because LVNV had to sue in its own name, there is nothing in the FDCPA that would prevent this creditor from authorizing a third party to review its records and attest to the accuracy of them. Simply put, LVNV as the assignee-creditor of the alleged debt complied with state law in filing its state court complaint against plaintiff in its own name, and nothing in the affidavit is misleading or violates the FDCPA.

---

[1] 735 ILCS 5/2-403.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is granted.

**ENTER:** November 1, 2012

_____
**Robert W. Gettleman**
**United States District Judge**